**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           CRIMINAL ACTION NO. 2:14-cr-00006

DONALD COVINGTON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Donald Covington's motion to revoke [ECF 14] the detention order entered by United States Magistrate Judge Dwane L. Tinsley on January 7, 2014. For the reasons that follow, the motion is **DENIED**.

*I.   BACKGROUND*

On December 20, 2013, a criminal complaint was filed charging Defendant with knowingly and intentionally distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). (ECF 1.) Thereafter, an arrest warrant was issued (ECF 2) and Defendant was arrested (ECF 8).

On December 31, 2013, the Government filed a motion to detain, in which it invoked the statutory rebuttable presumption under 18 U.S.C. § 3142(e) that there were no conditions or combination of conditions that would reasonably assure the safety of any other person and the community if Defendant was to be released on bond. (ECF 3 at 2.) The Government asserted

1

that the presumption applied because there was probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3142(e)(3)(A).

On the same date, Defendant appeared for an initial appearance on the criminal complaint, (ECF 5 at 1) and the Magistrate Judge set a date for a preliminary hearing and a detention hearing and remanded Defendant to the custody of the United States Marshal pending these hearings (ECF 5 at 2).

In preparation for the preliminary and detention hearings, a pretrial services report ("PTS Report") was prepared by the United States Probation Office assessing Defendant's criminal history and personal background, including information about certain medical conditions from which Defendant suffered. (PTS Report at 2-3.)

On January 6, 2014, Defendant appeared before the Magistrate Judge for a preliminary hearing and a detention hearing. (ECF 9.)

The Magistrate Judge first conducted the preliminary hearing. The Government called a sergeant from the Kanawha County Sheriff's Department who testified regarding the investigation of Defendant with respect to the charge in the criminal complaint. (Preliminary and Detention Hearings Audio Recording at 2:49-6:25.) Specifically, the sergeant described a controlled buy in which a confidential informant purchased from Defendant a substance that field-tested positive for the presence of heroin and recorded the transaction with audio and video. (*Id.* at 3:40-6:02.) Defendant cross examined this witness, but did not otherwise introduce evidence. (*Id.* at 6:35-10:35.) The Magistrate Judge found that based upon the sergeant's testimony there was probable cause to believe that Defendant committed the violation contained in the complaint. (*Id.* at 10:35-10:56.)

Immediately thereafter, the Magistrate Judge conducted the detention hearing. (*Id.* at 11:02-11:08.) The parties acknowledged having had the opportunity to review the PTS Report, and neither party offered additions or corrections to the report, although defense counsel noted that as was his usual practice he was not admitting the accuracy of anything contained in the criminal history section of the report. (*Id.* at 11:08-11:35.)

Thereafter, the Magistrate Judge noted that the Government had previously filed a motion for a detention hearing and had invoked the rebuttable presumption. (*Id.* at 11:50-11:56.)

Defendant contested detention, and presented evidence by way of proffer. (*Id.* at 11:56-12:05) Specifically, defense counsel explained to the Court that Defendant had been a member of the local community for approximately three years, had held employment through a temporary staffing agency at a number of places over this period of time, and that Defendant believed that he could return to employment through this agency if he was released on bond. (*Id.* at 12:09-12:33.) Defense counsel further explained that Defendant had an apartment in Dunbar, West Virginia, that he could return to if released on bond. (*Id.* at 12:33-12:40) Finally, to ensure that he appeared and that his release would not pose a risk of danger to others in the community, defense counsel further offered that Defendant was willing to submit to home confinement and have a phone installed at the residence for purposes of electronic monitoring. (*Id.* at 12:44-13:15.) Defense counsel made no mention of Defendant's medical conditions, and did not argue that Defendant's health or need for medical care counseled against detention.

In response, the Government initially observed that it did not believe that Defendant had rebutted the presumption for detention. (*Id.* at 13:19-13:22.) The Government further proffered that in addition to the transaction that was the subject of the criminal complaint, there were two additional controlled buys that occurred at Defendant's Dunbar residence. (*Id.* at 12:23-13:32.)

3

After the last controlled buy, a search was conducted and officers found four firearms inside the home, including two 9 mm pistols, a rifle, and an automatic 12-gauge shotgun, in addition to two loaded 9 mm magazines.  (*Id.* at 13:33-13:55)  There was also additional heroin, suspected cocaine, and buy money recovered from the residence.  (*Id.* at 13:56-14:00.)  Accordingly, the Government argued, the Defendant should not be allowed to return to that residence and that he was a danger to the community.  (*Id.* at 14:00-14:08.)

In rebuttal, defense counsel noted that to the extent that such items were found at Defendant's residence, they were no longer there for the Defendant to use in any criminal conduct, and so that would not be a basis for denying his request for home confinement.  (*Id.* at 14:15-14:30.)

Thereafter, the Magistrate Judge reviewed the factors under 18 U.S.C. § 3142(g) and evaluated the proffers made by counsel and the information contained in the pretrial services report and found by a preponderance of the evidence that Defendant was a risk of flight[1] and found by clear and convincing evidence that Defendant was a danger to the community.  (*Id.* at 14:34-16:36.)  Therefore, the Court found, there were no conditions or combinations of conditions that existed to reasonably assure Defendant's appearance as required and the safety of

---

[1] Defendant's assertion that the Magistrate Judge did not find that the defendant was a flight risk (ECF 14 ¶ 4) is without merit.  Contrary to Defendant's assertion, the Magistrate Judge *did* find that the defendant was a flight risk. At the detention hearing the Magistrate Judge found by a preponderance of the evidence that Defendant was a risk of flight (Preliminary and Detention Hearings Audio Recording at 16:20-16:28), and that, therefore, there was no condition or combination of conditions that would reasonably assure his release (*id.* at 16:37-16:45).  The Magistrate Judge's Detention Order also indicates that the Magistrate Judge found that Defendant posed a potential risk of non-appearance (ECF 13 at 3) and found by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the appearance of Defendant as required (ECF 13 at 2).  Although this finding was not also included in the Magistrate Judge's January 7, 2014, Order recounting the findings and rulings made during both January 6, 2014, hearings (ECF 12), in light of the clear findings articulated at the hearing and in the Detention Order this omission is of no moment.  Moreover, the Magistrate Judge was not required to find that Defendant was *both* a flight risk and that he posed a danger to others or the community.  *See United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished); *see also United States v. Dyer*, 5:13-cr-00107, 2013 WL 2898324 *1 (S.D. W. Va. June 13, 2013) (observing that "danger to the community alone is a sufficient basis upon which to order pretrial detention").

the community, and ordered Defendant detained.  (*Id.* at 16:38-16:55.)  The Magistrate Judge entered a written Detention Order (ECF 13), as well as an Order memorializing the findings and holdings made at both the preliminary and detention hearings (ECF 12).

On January 17, 2014, Defendant filed a "Motion to Revoke Detention Order," (ECF 14) to which the Government responded on January 22, 2014 (ECF 15).

## II.  *CHARACTERIZING DEFENDANT'S MOTION*

Initially, the Court observes that Defendant's motion does not cite the authority under which he seeks relief.  (ECF 14.)  The Government argues (ECF 15 at 1) that Defendant seeks a re-examination of the order of detention pursuant to 18 U.S.C. § 3142(f), which statute provides that a detention hearing

> may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issues whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Following this characterization, the Government argues that Defendant's motion should be denied because Defendant has presented no new evidence that was not known to him at the time of his initial detention hearing.  (ECF 15 at 2, 4.)  The Court, however, differs with the Government's characterization of Defendant's motion.

Section 18 U.S.C. § 3145(b) provides, in pertinent part, that "(i)f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, *a motion for revocation* or amendment of the order."  (Emphasis added.)

Defendant's motion is captioned "Motion to Revoke Detention Order," and the argument contained therein is principally that the Magistrate Judge's decision was in error because the evidence that was before the Magistrate Judge counseled against detention—not that information

with material bearing on the appropriateness of relief now exists but was not known to Defendant at the time of the hearing.  (ECF 14 at 1-2.)  Indeed, with the exception of one assertion that has no bearing on the Court's decision,[2] the information presented in Defendant's motion was all either introduced by proffer at the detention hearing or contained in the pretrial services report, which report was available to the parties (Preliminary and Detention Hearings Audio Recording at 11:08-11:35) and relied on by the Magistrate Judge (*id.* at 14:50-16:15; ECF 13 at 2).

Accordingly, the Court construes Defendant's motion to revoke a detention order under 18 U.S.C. § 3145(b), and not as a motion to re-open his detention hearing pursuant to 18 U.S.C. § 3142(f).

### III.    STANDARD OF REVIEW AND GOVERNING LAW

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release."  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished) (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)); *cf. United States v. Shrader*, 1:09-cr-00270, 2010 WL 503092 *1 (S.D. W. Va. Feb. 8, 2010) (observing that the district court need not hold a second detention hearing when reviewing a motion under 18 U.S.C. § 3145(b)).

---

[2] In comparing Defendant's motion to both the pretrial services report and the audio recording of the preliminary and detention hearings, the only factual assertion that the Court can identify as newly made in the instant motion is that Defendant is under the care of physicians, including a neurologist.  (ECF 14 at 2 ¶ 7.)  In light of the caption and argument of this motion, however, the Court **FINDS** that this isolated assertion by counsel is insufficient to compel the conclusion that Defendant seeks to re-open his hearing based on new information.  To the extent, however, that Defendant could be understood to be moving to re-open his detention hearing based on this single fact, the Court would deny such motion because Defendant has not demonstrated that the fact that he is under the care of physicians, including a neurologist, was information not known to him at the time of the hearing or that it has material bearing on his suitability for release.  *See* 18 U.S.C. § 3142(f) (articulating standards for re-opening a detention hearing).

6

Pursuant to 18 U.S.C. § 3142(b) & (c), the Court must order the pretrial release on bond of a person, subject to certain specified statutory conditions, unless the court finds that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person and the community. *United States v. Lough*, 2:13-cr-00024-01, 2013 WL 588258 *2 (S.D. W. Va. Feb. 13, 2013) (Johnston, J.).

If after a detention hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must detain the defendant before trial. 18 U.S.C. § 3142(e)(1).

Additionally, subject to rebuttal by the defendant,

> [I]t shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S .C. § 801 *et seq.*) . . . .

18 U.S.C. § 3142(e)(3).

In determining a defendant's suitability for bond, the Court must take into account the following factors: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current

offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. § 18 U.S.C. § 3142(g).

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48 (citing *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992)). With respect to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings. *Id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). With respect to the safety of others or the community as a basis for detention, the government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id.* (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)); *accord* 18 U.S.C. § 3142(f)(2).

## IV.    DISCUSSION

Consistent with the applicable de novo standard, the Court has reviewed the entire record in this criminal action, including the audio recording of the preliminary and detention hearings, and evaluated the argument offered by the parties. In so doing, the Court has made its own determination that the Magistrate Judge's order of detention was proper. *See generally United States v. Young*, No. 5:05-cr-63, 2006 WL 2861070 *1 (N.D. W. Va. Oct. 5, 2006) (Stamp, J.) (applying de novo standard of review to a detention order).

8

A. *Rebuttable Presumption*

Defendant was charged with a violation 21 U.S.C. § 841(a)(1), which is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*).   The Government asserted that the rebuttable presumption applied because there was probable cause to believe that the defendant committed this offense.  (ECF 3 at 2.)  Following, the preliminary hearing, the Magistrate Judge found that probable cause existed.  (Preliminary and Detention Hearings Audio Recording at 10:35-10:56.)

At the detention hearing immediately thereafter, the Court observed that the Government had invoked the rebuttable presumption.  (*Id.* at 11:50-11:56)  Defendant contested detention, but does not appear to have challenged the application of the rebuttable presumption.  (*Id.* at 11:56-12:05)   Rather, Defendant's challenge to detention appears to have been an argument to rebut that presumption, i.e., that alternatives to detention in the form of home confinement existed that could reasonably ensure that he would appear and that his release would not pose a risk of danger to others and the community.  Specifically, Defendant argued that he had local ties and employment to which he believed that he could return, as well as a residence at which he would surrender to home confinement with electronic monitoring.  (*Id.* at 12:09-13:15)

After the Defendant's proffer, the Government indicated that it did not believe that Defendant had rebutted the presumption in favor of detention, and then provided additional information to the Magistrate Judge by way of proffer concerning Defendant's criminal activity. (*Id.* at 13:19-14:00.)  The Magistrate Judge did not make any findings at the detention hearing concerning the Government's invocation of the rebuttable presumption or the Defendant's rebuttal thereof, but does not appear to have relied on the rebuttable presumption in his written Detention Order (ECF 13 at 3-4).   Rather, the Magistrate Judge appears to have made

independent findings pursuant to the factors set forth in § 3142(g) with respect to the Defendants risk of flight and danger to others and the community.

After considering the testimony provided at the preliminary hearing, the Court concurs with the Magistrate Judge that probable cause existed to believe that the Defendant committed the offense charged in the complaint, which offense was a controlled substance offense for which a maximum term of imprisonment of ten years or more is prescribed. The Court concludes, therefore, that the rebuttable presumption of detention applied to Defendant. *See* 18 U.S.C. § 3142(e)(3)(A).

The Court questions whether Defendant's proffer was sufficient to rebut the presumption, *compare United States v. Glover*, 5:10-CR-258-F-5, 2010 WL 3245526 *2 (E.D.N.C. Aug. 17, 2010) (finding that defendant had rebutted the presumption where the Government did not challenge defendant's assertion that his wife was a suitable third-party custodian and where charges were based not on new criminal conduct but on conduct for which defendant has already pleaded guilty and served time in state court); *United States v. Connor*, 1:09-cr-256-1, 2009 WL 1766261 *1 (E.D. Va. June 19, 2009) (finding that the defendant failed to rebut the presumption in favor of detention where defendant offered two individuals to serve as third-party custodians), but in light of both the lack of clarity in the record and the lack of attention paid to the issue in the parties' briefing on the instant motion the Court assumes without deciding that Defendant rebutted the presumption in favor of detention.

B.  *Section 3142(g) Factors*

Assuming that Defendant successfully rebutted the presumption for detention (or that such presumption did not apply in the first place), the question thus becomes whether the Government proved that no condition or combination of conditions would reasonably assure the

appearance of Defendant as required or the safety of any other person or the community. *See generally Glover*, 2010 WL 3245526 *2-3 (evaluating section 3142(g) factors after finding that the defendant successfully rebutted the presumption of detention and concluding that detention was nonetheless proper in light of these factors); *United States v. Hill*, CRIM 106CR82-1, 2007 WL 547611 *1 (N.D. W. Va. Feb. 16, 2007) (explaining that even if the defendant produces evidence suggesting that the rebuttable presumption is unwarranted, "the presumption that drug offenders pose a special risk of flight and dangerous (sic) to society must be weighed against the other factors enumerated in 18 U.S.C. § 3142"). The Court has evaluated the record pursuant to the factors set forth in 18 U.S.C. § 3142(g) and concludes that Defendant's detention is appropriate.

### 1. Section 3142(g)(1)—Nature and Circumstances of the Offense Charged

At the time of his detention hearing, Defendant was the subject of a criminal complaint charging him with knowingly and intentionally distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF 1.)  This is a serious charge involving a Schedule I controlled substance. *See United States v. Townsend*, 1:10MJ90-1, 2010 WL 2607144 *2 (M.D.N.C. June 25, 2010) (discussing the "statutorily-mandated importance" of those offenses explicitly identified by Congress in 18 U.S.C. § 3142(g)(1), including controlled substance offenses). The seriousness of this charge is further evidenced by the fact that if convicted Defendant faces a term of imprisonment of up to twenty years. *See* 21 U.S.C. § 841(b)(1)(C).

Moreover, the Government proffered at the detention hearing that in addition to the conduct charged in the complaint, there were two additional controlled buys that occurred at Defendant's residence, as well as numerous firearms and ammunition seized during a search of

11

that residence.[3]  *Cf. United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (holding that the Government may proceed by way of proffer at detention hearings).  Although the single charge in the complaint is alone sufficient to count this factor against Defendant, that conclusion is bolstered by this additional proffer.

In consideration of the foregoing, the Court **FINDS** that the nature and circumstances of the offense weighs in favor of Defendant's detention.

## 2.  *Weight of the Evidence*

During the preliminary hearing[4] the Government presented testimony from a sergeant with the Kanawha County Sheriff's Department. (Preliminary and Detention Hearings Audio Recording at 2:50-6:30)  The sergeant testified that members of the Sheriff's Department utilized a confidential informant to conduct a controlled purchase from Defendant.  In this transaction, the confidential informant exchanged $250 for a substance that field-tested positive for the presence of heroin.  (*Id.* at 3:20-3:50, 5:00-5:50)  This transaction occurred at the Dunbar address that is listed in the pretrial report as Defendant's residence.  (*Id.* at 4:00-4:10; PTS Report at 2.)  The transaction was recorded with audio and video (Preliminary and Detention Hearings Audio Recording at 4:11-4:20), and this recording was consistent with the confidential informant's account of the transaction (*id.* at 6:00-6:20).  Additionally, Defendant was observed on the video

---

[3]  The Government subsequently obtained a grand jury indictment charging Defendant with four counts of distributing heroin, including the charge contained in the complaint.  (ECF 16.)  Therefore, the Court concludes that the grand jury also found probable cause for that charge.

[4]  The Magistrate Judge and the parties did not discuss the weight of the evidence against Defendant at the detention hearing, but the Government presented testimony regarding the charged offense at the preliminary hearing immediately preceding the detention hearing.  The Court relies on such testimony for purposes of evaluating the factors to be considered pursuant to 18 U.S.C. § 3142(g).  *Cf. United States v. Cutter*, 637 F. Supp. 2d 348, 349-51 (W.D.N.C. 2009) (evaluating a detention order and relying on the Government's offer of testimony that had been presented during a preliminary hearing); *United States v. Doyle*, 621 F. Supp. 2d 337, 343 (W.D. Va. 2009) (observing that Federal courts have admitted prior testimony from preliminary hearings at trial even though such hearings are intended merely to show probable cause, not proof of guilt beyond a reasonable doubt).

(*id.* at 6:20-6:25), and the officer further identified Defendant in court as the person who met with the confidential informant (*id.* at 5:48-6:00).

Defendant did not put on witnesses, but challenged the sergeant's testimony through cross examination.  (*Id.* at 6:27-10:10)  During cross examination, the officer testified, among other things, that although the video showed the Defendant's face (*id.* at 8:25-8:33), it did not show a completely clear shot of a hand-to-hand exchange of drugs for money, nor did it show heroin being exchanged (*id.* at 8:33-9:06).  The officer testified however, that the video showed what appeared to be money in the Defendant's hand when he brought his hand back.  (*Id.* at 8:33-8:51.)  The officer also indicated that he did not believe that there was any discussion on the video with respect to whether the money was in exchange for heroin or was for a particular quantity of heroin, nor was there any such discussion during a phone call between the confidential informant and Defendant that preceded the purchase.  (*Id.* at 9:07-9:35.)  The officer, however, previously testified during direct examination that the confidential informant was searched prior to making the controlled buy and was found to be free of money and contraband.  (*Id.* at 3:50-4:00.)

In light of this testimony, the Court **FINDS** that the Government has advanced substantial evidence linking Defendant to the offense charged in the criminal complaint and that, therefore, the weight of the evidence against Defendant weighs in favor of his detention.

### 3.  History and Characteristics of Defendant

Defendant is a forty-four year old man who has lived in Kanawha County, West Virginia, since 2011.  (PTS Report at 1-2.)  Defendant was born in Washington, D.C., and his family resides in that city and in Maryland.  (*Id.* at 1.)  His local ties appear to be limited to his long-term girlfriend, Dannetta Hayes, who lives in Charleston, West Virginia.  (*Id.* at 1-2.)  Defendant

13

has also been intermittingly employed locally through a temporary staffing agency since 2012, and was previously employed as a dishwasher at a restaurant in Charleston in 2011. (*Id.* at 1-2.) It appears that Defendant began his residence in Kanawha County following his release from prison in 2011. (*Id.* at 1, 5.)

Defendant has a significant criminal history, and it is one that informs the extent to which he may pose a danger to others and the community as well as his risk of flight. Defendant has two prior felony convictions for which he was incarcerated: a 1999 conviction of unlawful/malicious wounding for which Defendant was incarcerated from 1999 until 2002, and a 2005 conviction of robbery with a firearm for which Defendant was incarcerated from 2006 until 2011. (*Id.* at 5-6.) Additionally, two domestic violence protection orders were issued against Defendant in 2003 at the request of Ms. Hayes. (*Id.* at 2, 6.) Defendant also has prior convictions for failing to give accurate information for fingerprints and for providing false information (*id.* at 5), and has twice failed to appear in court in prior criminal proceedings (*id.* at 4, 5, 7). Significantly, Defendant's criminal record further reflects that he has a history of using numerous aliases, social security numbers, and birthdates. (*Id.* at 6.)

Defendant reported few financial resources to the probation officer, as well as monthly expenses that exceed his monthly income. (*Id.* at 2.) There is no indication in the record that Defendant has any history or current problem relating to drug or alcohol abuse (*id.* at 3), or that at the time of the instant offense he was on probation, parole, or supervised release related to a prior proceeding (*id.* at 6).

Defendant reported a number of medical conditions to the probation officer. The Defendant reportedly suffered a concussion in 2012 while cleaning a building in Charleston, and he was treated at a hospital for this concussion. (*Id.* at 2.) Additionally, Defendant explained

that he had trouble breathing over a period of approximately two years, and that he treated this problem with an albuterol inhaler. (*Id.* at 2-3.) Lastly, Defendant reported that he had an additional medical condition that he was too "embarrassed" to discuss with the Probation Officer, but indicated that he was prescribed assorted medications indicative of a serious chronic medical condition, as well as a medication used to treat high blood pressure. (*Id.* at 3.)

Crediting Defendant's statements, it appears that he suffers from a serious medical condition or conditions, and this fact provides some counterweight in Defendant's favor and potentially against detention. Notably, however, Defendant did not make any argument to the Magistrate Judge related to his health or medical conditions, an omission that is surprising given the emphasis now placed on these considerations in the motion to revoke. Moreover, Defendant has neither alleged nor demonstrated that his need for medical care cannot be addressed while he is incarcerated pending trial. Finally, and most importantly, such facts do not outweigh the other facts related to the history and characteristics of Defendant,[5] specifically Defendant's numerous prior convictions (including two violent felonies), failure to appear at two prior court appearances, past use of aliases and provision of false information, lack of significant local ties, relatively short length of residence in the community, and intermittent employment, all of which in combination counsel heavily in favor of detention.

Accordingly, the Court **FINDS** that the history and characteristics of Defendant weigh in favor of detention.

---

[5] The Court observes that to the extent that it would be permitted to consider the newly-alleged fact that Defendant is under the care of physicians, including a neurologist, as part of its de novo review—an unclear proposition, and not one that either party has addressed—such information would not change the Court's ruling because the weight of the other information discussed herein strongly favors detention.

### 4.   *Nature and Seriousness of Danger to Others*

As noted above, Defendant has a history of violent crimes, including felony convictions for unlawful wounding and robbery with a firearm.  These convictions, as well as the two prior protective orders taken out against Defendant, are particularly probative of the extent to which he may pose a danger to others and the community.

Additionally, that additional drugs, four firearms, and ammunition were recovered in a search of Defendant's residence is troublesome because the combination of drug distribution and the possession of firearms presents unique dangers to others and the community and presents another strong rationale for detention.  *See United States v. Dyer*, 5:13-cr-00107, 2013 WL 2898324 *2 (S.D. W. Va. June 13, 2013) (finding that defendant was "a danger to the community inasmuch as he is an armed drug dealer").  Defendant's argument to the Magistrate Judge that because such weapons were seized they are no longer available to him for purposes of conducting criminal activity is unpersuasive and does not speak to his continued ability or willingness to obtain or use firearms in relation to criminal activity.

Accordingly, the Court **FINDS** that the nature and the seriousness of the danger to any person or the community is evident by Defendant's prior convictions and alleged conduct in this case, and that this factor also weighs in favor of detention.

### 5.   *Alternatives to Detention*

The Court cannot conclude that Defendant's proposal to surrender to home confinement at his Dunbar residence and have a phone installed there for purposes of electronic monitoring constituted a reasonable alternative to detention.  Defendant's residence was where the heroin distribution charged in the criminal complaint occurred, and is also where, according to the

Government's proffer, additional drugs as well as four firearms and ammunition were recovered during a search.

Nor can the Court conclude that it would be a reasonable alternative to detention for Defendant to reside at Ms. Hayes' residence, which Defendant suggested to the probation officer he would do if released on bond.  (PTS Report at 2.)  Ms. Hayes told the probation officer that she did not know if she would allow Defendant to reside with her while on bond (*id.* at 2), and approval of such an arrangement would be further complicated by the two domestic violence protection orders that were issued against Defendant in 2003 at the request of Ms. Hayes (*id.* at 2, 6).  Indeed, perhaps because of these facts, Defendant did not pursue this option for release before the Magistrate Judge.

Accordingly, the Court **FINDS** that no alternatives to detention exist that will reasonably assure Defendant's presence as required and the safety or any other person and the community.

V.   *CONCLUSION*

For these reasons, and after conducting a de novo review and evaluating the entire record in this case and considering the applicable factors set forth in 18 U.S.C. § 3142(g), the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community and **FINDS** by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's presence at future court proceedings.

Accordingly, the Court **DENIES** Defendant's motion [ECF 14], **AFFIRMS** Magistrate Judge Tinsley's Detention Order [ECF 13], and **ORDERS** that the Defendant remain in the custody of the United States Marshal pending trial.

**IT IS SO ORDERED.**

17

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and defense counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:          February 7, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE